# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# JONESBORO DIVISION

TIMOTHY MARTIN WILLIAMS                                                    PLAINTIFF
#40195

V.                            No. 3:19CV00101-DPM-JTR

CRAIGHEAD COUNTY
DETENTION CENTER                                                            DEFENDANT

## ORDER

Plaintiff Timothy Martin Williams ("Williams"), a pretrial detainee in the Craighead County Detention Center ("CCDC"), has filed a *pro se* § 1983 Complaint and an "Addendum" alleging that he is being subjected to inhumane conditions of confinement. *Docs. 2 & 3.* Before Williams may proceed with this case, the Court must screen his claims.[1]

In his Complaint, Williams alleges that, at the CCDC: (1) he has to sleep on a foam mat covered with black mold; (2) he has been denied a new mattress or cleaning supplies to sanitize the one he has; (3) there is black mold in the restroom and shower; (4) toilet water constantly leaks into his sleeping area; (5) the roof leaks

---

[1]The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b). When making this determination, a court must accept the truth of the factual allegations contained in the complaint, and it may consider the documents attached to the complaint. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009); *Reynolds v. Dormire,* 636 F.3d 976, 979 (8th Cir. 2011).

and insulation is falling from the ceiling into his eating and sleeping area; and (6) his living area is covered in black mold and mildew. *Doc. 2 at 4.*

In his "Addendum," Williams again alleges unhealthy and unsanitary conditions of confinement at the CCDC. However, he also raises a variety of other issues affecting him and seven other listed detainees, including: (1) threats from unspecified officers for filing grievances and sending out legal mail; (2) verbal abuse by unspecified officers; (3) legal proceedings being "postponed in courts for months" and delays in being moved from the CCDC to "camp" or other facilities; (4) little or no recreation; (5) "no privacy" regarding mail, and the opening of legal mail; (6) no means of correspondence or visitation for spouses who are both incarcerated; (7) being allowed only one "clipper shave" a month; and (8) denial of proper care for pregnant inmates. *Doc. 3.*

"A prisoner cannot bring claims on behalf of other prisoners." *Martin v. Sargent,* 780 F.3d 1334, 1337 (8th Cir. 1985). Thus, Williams cannot bring claims on behalf of any other CCDC detainees. Instead, Williams can proceed only on the alleged constitutional violations he *personally experienced.* Importantly, in connection with each of those constitutional violations, he must explain how he was *personally harmed or injured. Id.*

Williams names only one Defendant, the "Craighead County Jail/Detention Center, administration/jail." It is well settled that a county detention facility is *not* a

legal entity that can be sued in a § 1983 action. *See Owens v. Scott County Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003); *Williams v. Pulaski County Detention Facility*, 278 Fed. Appx. 695, 695 (8th Cir. 2008). Instead, Williams must name *individuals* who are responsible for the alleged constitutional violations.

In addition, to the extent Williams is attempting to name the CCDC administrator as a Defendant, he makes no specific factual or legal allegations against him or her. *See Iqbal*, 556 U.S. at 676 (explaining that, to state a viable § 1983 claim, a prisoner "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution").

Finally, Williams's attempt, in his Addendum, to raise a variety of legally and factually unrelated claims against multiple unidentified officers, is improper. Federal Rule of Civil Procedure 20(a)(2) provides that multiple defendants may be joined in one lawsuit only if the claims against them: (1) arise "out of the same transaction, occurrence, or series of transactions or occurrences"; and (2) involve "any question of law or fact common to all defendants." *See also* Fed. R. Civ. P. 21 (providing that a court may *sua sponte* "add or drop" an improperly joined party or "sever" any claim). Additionally, a prisoner cannot attempt to defeat the filing fee requirements in § 1915 by joining unrelated and legally distinct claims in one lawsuit. *See Bailey v. Doe,* 434 Fed. Appx. 573, 573 n.1 (8th Cir. 2011) (affirming a trial court's decision to sever a prisoner's complaint into three separate actions and obligating him to pay

three separate filing fees). Thus, Williams must limit his present Complaint to claims and Defendants that are *legally and factually related*.

Accordingly, Williams's "Addendum" is STRICKEN from the record. Williams must file, **within thirty days,** an Amended Complaint that: (1) limits his claims to conduct that is *factually and legally related*;[2] (2) names all the *individuals* he believes violated his constitutional rights in connection with each of those *factually and legally related* claims; (3) explains, in a direct and concise way, how each of the named Defendants *personally participated* in violating his constitutional rights; (4) provides the specific dates that he was subjected to the allegedly unconstitutional conditions of confinement; (5) explains how he has been *personally harmed* by being exposed to those conditions; and (6) states whether an official policy, custom, or practice of the CCDC caused his injuries.

IT IS THEREFORE ORDERED THAT:

1. Williams's Addendum (*Doc. 3)* is STRICKEN from the record.

2. The Clerk is directed to mail Williams a § 1983 complaint form that is labeled "Amended Complaint."

---

[2] Any new claims Williams asserts must be *directly related to* the conditions of confinement claims he asserted in his original Complaint. Any other factually and legally distinct claim he may wish to assert must be brought in a *separately filed* § 1983 action. If Williams continues to include, in his Amended Complaint, factually and legally unrelated claims against multiple Defendants, the Court will determine whether those claims and Defendants should be dismissed, pursuant to Rules 20(a)(2) and 21.

3. Williams must file, **within thirty days of the date of this Order,** an Amended Complaint that complies with the instructions in this Order. If he does not timely and properly do so, this case will be dismissed, without prejudice, pursuant to Local Rule 5.5(c)(2).

DATED this 24th day of April, 2019.

_____
UNITED STATES MAGISTRATE JUDGE